Jones, J.,
delivered the opinion of the Comt.
This was an application, made by Mr. Davis, for a mandamus to he directed to the Jurlices of the said Court, commanding them to allow his account for certain fees, alledged to be due him from the county, for prosecuting, as Circuit Attorney for the late Tenilory of Missouri, certain hills of indictments at the Circuit Court, held in and for the said county, at the December term, 1820. ■ Mr'. Davis, in support of the i.notion, read his own affidavit, which states, that ho was commissioned as Circuit Attorney, in the southern Circuit, under the Territorial Government, in 1820: — that he continued in office until sometime in January, as he "believes: — that between April, 1820, ¡and January, 1821, a constitution, forming a State Government, was adopted: — that the said constitution made provision for Territorial officers, that they should remain, in office until they were superseded in office, and should receive the same fees therefor, as they had received under tile Territorial Government: — that at the December Court of 1820, for the county of Cape Girardeau, several indictments were found by the Grand Jury, on which 1hc several individuals were arraigned, tried and acquitted: — that the said Dávis, on these indictments, by virtue of his Territorial office, claimed the fees arising therefrom, the, same as under the.Tcrritoi'ial Government, from not having been superseded in office, under tile State Government ; and also, .his having acted as Territorial Attorney by the direction of the Judge of the Circuit Court: — that he presented the amount of his account to the County Court of Cape Girardeau county, with a full knowledge of those circum *107 stances, who decided, the laws passed in the month of November,' 1820, regulating the fees of Circuit Attorneys, under the State Government, acted upon him as a State officer, because his commission bore date prior to the said December term of tlie said Court, though he had not received the commission, under the State, till .alter the said term of said Court had expired; nor did he taire the oath, required on said commission, until February, and bars him of the fees arising on said indictments.
The questions which present themselves to the consideration of the Court, are, ■whether, under our constitution, and the laws in force at the time of prosecuting the indictments alluded to, the commission of Mr. Davis, as Territorial Circuit Attorney, was not superseded; and whether, from the facts, as stated, he is entitled to receive from the county, the fees claimed for prosecuting them ? It is provided, in the 5th section of the schedule to the constitution, that persons holding offices under the Territory, should continue to hold them until superceded under the authority of the State, and should receive the same compensation which they had theretofore received, in proportion to the time they should have been employed; and Mr. Davis seems to contend, that the office he held, as Circuit Attorney for the southern circuit, under the Territorial Government, he continued to hold until he not only received his commission as Circuit Attorney for the State, in (he fourth judicial circuit, but also, until he had been duly sworn and qualified. This Court is not of that opinion ; on the contrary, they think the offices of Circuit Attorneys, acting under authority of the Territory, ceased, at least, on the 28th November, 1820, when the act concerning the Attorney General for the Slate was passed, prior to which, that officer had been commissioned and qualified under the authority of the Stale ; and that, therefore, appointments made, of Territorial Attorneys for circuits, were consequently determined. By an act of 25th November, 1820, the State was divided into four judicial circuits, and an act of the 28lh of the same month, provides for the appointment of a Judge in each of the said judicial circuits; another act of the same date, provides for the appointment of Circuit Attorneys, in each of the circuits, other than that in which the seat of'government might be, which appointments were to be made by the Supreme Court, not by the Governor, as provided for under the Territorial Government, who should receive a stated salary from the State, and should also receive the same tees for their sei-vices as were theretofore allowed by law: Provided, that in all criminal prosecutions, where the party might ho acquitted, no fees should be .allowed; - the words and evident intention being, that the salary allowed them, should be their only compensation fir such services. It being admitted that Mr. Davis’ commission, under the State Government, bears date before the sitting of the Circuit Court for Cape Girardeau county, in December, 1820, 'when the services were performed, for which his claim .against the county is founded, he would, were his claim to be allowed, receive double compensation for the same services — one from the county, and the other from the State, by way of salary — Mr. Davis being, in the opinion of the Court, entitled thereto, at least, from the date of his commission; and, even if he were not, this Court is of opinion, .that it was not competent for the County Court to have allowed him the amount of his account, for services rendered at a time, when,, by an express law, no such fees should he allowed.
There is no error, therefore, in the decision of the County Court, in not allowing t)re account of the applicant; and his application for a mandamus, is,' therefore, oveppuled, . .